UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARSHA FOSTER, ALVIN A. JENSEN, <br><br> Plaintiffs, <br><br> vs. <br><br> ETHICON, INC., and JOHNSON & JOHNSON, <br><br> Defendants. | 4:20-CV-04076-RAL <br><br><br> ORDER GRANTING MOTION TO STRIKE |

    This case began in the Southern District of West Virginia as part of the Ethicon multidistrict litigation (MDL). It is one of thousands of cases involving injuries patients allegedly suffered after being implanted with pelvic mesh products designed, manufactured, and sold by Ethicon, Inc., a wholly owned subsidiary of Johnson & Johnson. The Ethicon MDL was assigned to the Honorable Joseph R. Goodwin in the Southern District of West Virginia. In re: Am. Med. Sys., Inc. Pelvic Repair Sys. Prods. Liab. Litig., 844 F. Supp. 2d 1359, 1362 (J.P.M.L. 2012). Judge Goodwin assigned the cases in the Ethicon MDL to various "waves" to be prepared for trial. Doc. 6. The case brought by Plaintiffs Marsha Foster and Alvin Jensen[1] was assigned to Wave 8. Doc. 6.

    In every wave of the Ethicon MDL, Judge Goodwin entered a pretrial order limiting the parties to five expert witnesses each. Doc. 118-5 at 3. The pretrial order in Wave 8 read as follows:

> The parties may conduct general and specific expert discovery on all products at issue in Ethicon Wave 8 cases. In light of the products involved in Ethicon Wave 8 cases, the likelihood of

---

[1] Alvin Jensen is a plaintiff for purposes of a loss of consortium claim only, so this opinion and order generally refers to the Plaintiffs as "Foster."

1

overlap in expert opinion from one case to another (except as to specific causation) and the need to streamline discovery in these cases, **the plaintiffs and each defendant are limited to no more than five experts per case (exclusive of treating physicians).**

Doc. 9 at 4–5. Contrary to this pretrial order, Ethicon disclosed five retained experts and sixteen "non-retained experts." Docs. 118-3, 118-4.

Foster now moves to strike Ethicon's non-retained experts, arguing that they exceed the five-expert limit. Doc. 117. Judge Goodwin, district courts within the Eighth Circuit, and this Court in another case from the Ethicon MDL have rejected Ethicon's attempts to exceed the five-expert limit. See Sluis v. Ethicon, Inc., 4:20-CV-04165-RAL, , at *13 (D.S.D. Mar. 26, 2021); Wegmann v. Ethicon, Inc., 4:20-CV-00704 JAR, 2020 WL 5960923, at *6 (E.D. Mo. Oct. 8, 2020) (granting the plaintiff's motion to strike Ethicon's experts that exceeded the five-expert limit and explaining that Judge Goodwin "uniformly enforced" this limit); Kelly v. Ethicon, Inc., No. 20-CV-2036-CJW-MAR, 2020 WL 5949225, at *3–4 (N.D. Iowa Oct. 7, 2020) (striking Ethicon's experts that exceeded the five-expert limit). This Court grants Foster's motion to the extent that Ethicon may have only five expert witnesses, but this does not preclude Ethicon from calling employees or former employees with scientific training and backgrounds to refute, for instance, negligence or punitive damage claims.

For the reasons stated above, it is hereby

ORDERED that Plaintiffs' Motion to Strike Defendants' Non-Retained Experts, Doc. 117, is granted to the extent explained herein.

DATED this 5th day of October, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE